**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| NATANIEL MACK,<br>    #273857,<br><br>              Petitioner,<br><br>v.<br><br>A.J. PADULA, Warden of the Lee<br>Correctional Institution,<br><br>              Respondent. | CIVIL ACTION NO. 9:08-622-GRA-BM<br><br><br>**REPORT AND RECOMMENDATION** |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on February 13, 2008.[1] The Respondent filed a return and motion for summary judgment on July 17, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 18, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving an extension of time, Petitioner thereafter filed a memorandum in opposition on September 11, 2008. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in March 2000 for murder [Indictment No. 00-GS-18-090]. (R.pp. 562-563). Petitioner was represented on these charges by Marva A. Hardee-Thomas, Esquire,

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



and after a trial by jury on March 26, 2001, was found guilty of the charge. (R.pp. 433-436). The trial judge sentenced Petitioner to a term of thirty (30) years imprisonment. (R.pp. 442-444). Petitioner did not appeal his conviction or sentence.

Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court on July 3, 2001[3]; Mack v. State of South Carolina, 01-CP-18-793 (R.pp. 446-450); in which he raised the following issues:

1) Counsel did not advise me of possible alibi and mere presence defenses.

2) Counsel did not subpoena witnesses to corroborate alibi defense.

(R.p. 447).

An evidentiary hearing was held on April 26, 2005 at which Petitioner was present and represented by Alan Tanenbaum, Esquire. (R.pp. 455-548). At the hearing, the Court allowed Petitioner to orally amend his application for PCR to add the following additional grounds of ineffective assistance of counsel:

1) failing to address issues in the case in her opening statement;

2) failing to document and establish that the wounds to Petitioner's hands were insufficient to cause the amount of blood in the house;

3) failing to procure an alternate DNA test regarding blood swabs taken in the house to establish the blood did not belong to Petitioner;

---

[3]During the pendency of this PCR action, Petitioner apparently wrote two letters to the Chief Justice of the South Carolina Supreme Court. Those letters were dismissed by the Supreme Court under Key v. Currie, 406 S.E.2d 356 (S.C. 1991), because no extraordinary reason existed to entertain them in the Supreme Court's jurisdiction. See Orders of the South Carolina Supreme Court dated September 25, 2003, and January 7, 2004. Such actions by the Petitioner did not preserve any issues raised therein for habeas review. See Wilson v. Moore, 178 F.3d 266 (4th Cir. 1999)[dismissal under Key does not mean consideration on the merits]. See also Koon v. South Carolina Dep't of Corrections, Nos. 93-6391, 6392, 1993 WL 291716 (4th Cir. 1993)(unpublished)[dismissal under Key does not mean consideration on the merits].



> 4) failing to adequately establish a self-defense claim on behalf of Petitioner;
>
> 5) failing to cross-examine witness Blondell Roper regarding her involvement as a perpetrator of the crime and inability to observe the crime, her inconsistent statements, and her inability to exit through the rear door of the house;
>
> 6) failing to cross-examine Detective Hendrix regarding disposing of a blood sample that could have been key evidence;
>
> 7) failing to cross-examine Detective Hendrix regarding discussions with the prosecutor regarding the prosecution needing the blood in the house to belong to the Petitioner prior to disposition of the blood sample;
>
> 8) failing to discuss and utilize as a defense the high blood alcohol of the deceased;
>
> 9) failing to adequately utilize the fact that there were no wounds on the Petitioner's face or body other than two small cuts on the fingers;
>
> 10) failing to cross-examine Doctor Yacoub regarding the type of wounds that were upon the victim compared to those types of wounds that would have been made by a left handed person;
>
> 11) failing to adequately advise regarding a plea offer in the case.[4]

See (R. pp. 495-497 [Issues 1-10]); see also Memorandum in Support of Summary Judgment, pp. 3-4. On January 22, 2005, the PCR judge issued an order denying the petition in its entirety. (R.pp. 550-558).

Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court, which transferred the case to the South Carolina Court of Appeals for disposition.[5] Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender of the South Carolina

---

[4] While Respondent cites this Eleventh claim as being one of Petitioner's added claims, it is not contained on the transcript pages discussing these amendments.

[5] Although it appears to be undisputed, a copy of the letter originally transferring the case to the South Carolina Court of Appeals does not appear to be among the exhibits filed in this case.



Office of Appellate Defense, who filed a <u>Johnson</u>[6] petition seeking to be relieved and raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that defense counsel was not ineffective in failing to pursue a defense of self-defense?

<u>See</u> Petition, p. 2.

The case was transferred back to the South Carolina Supreme Court on July 19, 2005. <u>See</u> Order dated July 19, 2005. On December 19, 2005, the South Carolina Supreme Court apparently received Petitioner's <u>pro se</u> response;[7] <u>See</u> Clerk's Letter dated January 3, 2006; and on February 15, 2006, the case was transferred back to the South Carolina Court of Appeals. <u>See</u> Order dated February 15, 2006.[8] On October 26, 2007, the South Carolina Court of Appeals denied the petition. <u>See</u> Order filed October 26, 2007. The Remittitur was issued on November 14, 2007.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

**Ground One**: Ineffective Assistance of Trial Counsel.

A) Petitioner's trial counsel failed to confer with Petitioner as to his right to appeal from the judgement rendered in his criminal trial.

---

[6] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988). <u>See</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967).

[7] A copy of the <u>pro se</u> response does not appear to be among the exhibits filed in this case.

[8] On March 1, 2006, the Petitioner filed a Motion to be Relieved from Judgment and a Subsequent PCR action in the Court of Common Pleas for Dorchester County. <u>See</u>, Exhibit (motion with attachments). Respondent notes that, since Petitioner had already filed the Notice of Intent to Appeal the denial of his PCR application, the Court of Common Pleas no longer had jurisdiction to hear this motion. <u>Cf</u>. <u>State v. Hawkins</u>, 114 S.E. 538, 539-541 (S.C. 1922). The new PCR action has been filed and is currently pending in state court. Civil Action No. 2008-CP-18-1607. Respondent believes that the issues raised in this new APCR will be procedurally barred in state court; <u>see</u> Memorandum in Support of Summary Judgment, p. 12-13; and neither party requested that this Court dismiss this federal petition pending resolution of that pending state court PCR action.



B) Nor did trial counsel file a "Notice of Appeal" to any higher state court having jurisdiction to such proceedings.

**Ground Two:** Ineffective Assistance of Trial Counsel.

Trial Counsel failed to move for a "Motion to Squash" the defective indictment, prior to the jury being sworn.

**Ground Three:** Ineffective Assistance of Trial Counsel.

A) Counsel failed to discuss with Petitioner that his right to remain silent - may pose a risk that some jurors may disregard those instructions (rule) - if only subconsciously - as an indication of guilt.

B) Counsel failed to adequately discuss with Petitioner of his necessity to testify to establish a self-defense claim - - Whereupon, counsel's own admission in Petitioner's PCR evidentiary hearing – counsel was aware of statements that Petitioner was first attacked by the victim.

C) Counsel failed to adequately utilize evidence to support the above defense as to the high blood alcohol level of the victim - could have prompted the victim to attack Petitioner first.

D) Counsel failed to adequately utilize evidence (only blood found on knife - Petitioner's) for the only wounds on the Petitioner, were cuts on his fingers - - which supports a reasonable probability that Petitioner was protecting himself from attack; and that said knife was not the alleged weapon to have killed the victim.

E) Counsel failed to adequately cross-examine a witness for the prosecution regarding disposing of blood samples, that could have well been key evidence in the case, from the evidence locker; where he (witness) noted that the prosecutor wanted and needed the blood samples found in the house to belong to the Petitioner, prior to disposing of the blood samples in the evidence locker.

F)(1) Counsel failed to procure an alternate DNA test, regarding the blood samples taken from the house.

(2)[9] Trial counsel claimed her defense strategy during Petitioner's criminal proceedings - - was to establish that <u>Blondell Roper</u> (State's witness) was the perpetrator of the alleged crime.

---

[9] Although the issues listed under F(2) do not relate to the issue presented in F(1), Petitioner has listed these issues as sub-headings under this claim.



In presenting such defense at trial, counsel failed to:

a) adequately cross-examine the witness Blondell Roper, regarding her involvement as the perpetrator of the crime; and her inability to exit through the rear door of the house, as she testified.

b) investigate the crime scene to support her's or any defense strategy – stating she only drove by the alleged scene in her car, but did not see any reason to stop and view or investigate the scene; nor did she request her office for an investigator to review and report findings of the alleged scene.

c) provided any testimony or evidence during trial, as to her defense strategy, that "Blondell Roper" was the perpetrator who performed the alleged crime.

d) provide any evidence, testimony or witness that Petitioner did not commit the alleged crime –that someone else did.

Counsel's "only" attempt to establish any support of her defense – that Blondell Roper committed the alleged crime – was by an attempt to use the "Element of Surprise" in her closing argument and then only stated; "there was a reason why she had to get that bag out of the house and into the trash."

e) Counsel failed to argue that the state's case was simply too weak to prove guilt beyond a reasonable doubt – even assuming everything the state's witness said was accurate.

See Petition, pp. 6-9 (and attachments).

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume



6

the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

With regard to Grounds One, Two and Three (A), Petitioner alleges various ineffective assistance of trial counsel claims as fully set forth above. See discussion, supra. However, Respondent contends that all of these issues are procedurally barred from consideration by this Court because they were not raised and ruled on by the state court. For his part, Petitioner concedes that his PCR counsel did not raise these claims. See Memorandum in Opposition to Summary Judgment, pp. 9-10, 18-19, 23.

Since Petitioner did not properly pursue these claims in his APCR, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a

7



state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Apparently as the "cause" for the default of these claims, Petitioner contends that his PCR counsel was ineffective for failing to properly pursue these claims in his PCR action. However, this argument does not provide Petitioner relief. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, Petitioner has failed to show the necessary



8

"cause" for his procedural default because ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Further, to the extent that Petitioner has intended to assert ineffective assistance of trial counsel as "cause" for his failure to raise these claims[10], he has not properly raised that claim to the state courts.  A claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural

---

[10]In his response, Petitioner discusses the ineffective assistance of his trial counsel. It is not clear if Petitioner intended for any part of this discussion to be considered as cause for the procedural default on some of these claims. However, out of an abundance of caution, the undersigned has assumed for purposes of summary judgment that Petitioner is asserting trial counsel's ineffectiveness as an additional basis to attempt to show cause for the procedural default on at least some of these issues.



9

default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented this ineffective assistance of counsel claim to the state court for adjudication]. Petitioner has not presented these claims as independent claims to the state courts. Therefore, ineffective assistance of trial counsel cannot be used as cause for his procedural default of these claims. Tome v. Stickman, 167 Fed.Appx. 320 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered. See Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted."

10



United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999).  He has failed to do so.  Therefore, Grounds One, Two, and Three (A) are procedurally barred from consideration by this Court, and must be dismissed.  See 28 U.S.C. § 2254.

## II.

In Ground Three (B) - (F)(1), Petitioner contends that his trial counsel was ineffective for the following reasons: (B) counsel failed to adequately discuss with Petitioner the necessity that he testify to establish a self-defense claim; (C) counsel failed to adequately utilize evidence to support a defense that the high blood alcohol level of the victim could have prompted the victim to attack Petitioner first; (D) counsel failed to adequately utilize evidence (that the only blood found on knife belonged to the Petitioner) and that the only wounds on the Petitioner were cuts on his fingers (which Petitioner contends supports a reasonable probability that he was protecting himself from attack and that the knife was not the weapon that killed the victim); (E) counsel failed to adequately cross-examine a witness for the prosecution regarding disposing of blood samples, that could have well been key evidence in the case, from the evidence locker; and (F)(1) counsel failed to procure an alternate DNA test, regarding the blood samples taken from the house.

Although these claims were orally raised (or at least, arguably orally raised) to the PCR



11

court[11], (R.pp. 495-497), the PCR judge did not address these claims in his order.[12]  With respect to any issues not addressed in the order, the PCR judge found that Petitioner had waived such allegations and failed to meet his burden of proof regarding them.  See (R.p. 557).  Despite this finding, however, after obtaining the PCR Court's order, the Petitioner did not file any motions seeking to obtain a ruling on these or any other issues *prior*[13] to filing his direct appeal.  Such a motion was necessary to preserve these claims, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."  Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)(citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific

---

[11]Respondent contends that Ground Three (C) was only *arguably* raised in Ground Eight to the PCR court, noting that Ground Eight does not mention self-defense.  (R.p. 497); see Memorandum in Support of Summary Judgment, n. 11.  With regard to Ground Three (B), Respondent argues that it was not raised to the PCR court at all, and Petitioner appears to agree that it was not raised.  See Memorandum in Opposition to Summary Judgment, pp. 22-24.  However, it appears to at least be arguable that this issue or a part of it was orally raised in Ground Four to the PCR court. (R.p. 496).  Therefore, for purposes of summary judgment the undersigned is treating these issues as having been presented as part of the amendments stated orally to the PCR court.  See discussion, supra.

[12]The PCR judge does reference where trial counsel testified that it was the Petitioner's decision not to testify and that it is hard to argue self-defense when the Defendant does not testify.  However, that reference is part of the Court's discussion of Petitioner's claim that counsel was ineffective for failing to argue self-defense.  There is no discussion in the order about counsel allegedly failing to discuss with Petitioner the necessity that he testify to establish self-defense, which is the claim presented in this federal habeas petition.  C.f. Joseph v. Angelone, 184 F.3d 320,328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).  Further, Petitioner himself concedes in his opposition memorandum that this claim was not raised in his APCR.

[13]see, note 8, supra.



findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).

Therefore, since Petitioner did not preserve these claims in his PCR proceeding, they are barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue these issues, they are fully exhausted. Coleman, 501 U.S. at 735; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Aice, 409 S.E.2d at 393; Matthews, 105 F.3d at 911; Ingram, 1998 WL 726757 at **1. Even though technically exhausted, however, since these issues were not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of these issues is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766.

Since Petitioner does not even acknowledge that the issues in Ground Three (C) - (F)(1) were not properly preserved; See Memorandum in Opposition to Summary Judgment, pp. 24-25; he has not offered any cause for his failure to properly pursue these issues in his APCR. As for Ground Three (B), Petitioner again appears to argue ineffective assistance of trial counsel and/or PCR counsel as cause for his procedural default. See Memorandum in Opposition to Summary Judgment, pp. 22-23, 25-29. However, for the same reasons already discussed in Section I of this Report, those

13



assertions do not establish the necessary cause for a default of this claim.  Murray, 492 U.S. at 1-7, 13; Mackall, 131 F.3d at 447-449; Ortiz, 149 F.3d at 932; Pollard, 28 F.3d at 888; Lamp, 122 F.3d at 1104-1105; Parkhurst, 128 F.3d at 1371; Williams v. Chrans, 945 F.2d at 932; Gilliam, 1998 WL 17041 at *6;  Edwards, 529 U.S. at 452 (quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier, 304 F.3d at 817 (quoting Whitmill, 42 F.3d at 1157); Clemons, 381 F.3d at 752.

Accordingly, Petitioner has failed to show cause for his procedural default on these issues.   Rodriguez, 906 F.2d at 1159.  Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered.  See discussion, supra.  Therefore, these claims  are procedurally barred from consideration by this Court, and must be dismissed.  See 28 U.S.C. § 2254.

### III.

Petitioner asserts in Ground (F)(2) that counsel claimed her defense strategy during Petitioner's criminal proceedings - - was to establish that Blondell Roper (State's witness) was the perpetrator of the alleged crime, but that in presenting such defense at trial, counsel failed to: a) adequately cross-examine Roper regarding her involvement as the perpetrator of the crime; and her inability to exit through the rear door of the house, as she testified;  b) investigate the crime scene to support counsel's or any defense strategy – stating that counsel only drove by the alleged scene in her car, but did not see any reason to stop and view or investigate the scene; nor did she request an investigator to review and report findings of the alleged scene; c) provide any testimony or evidence during trial, as to her defense strategy, that Blondell Roper was the perpetrator who performed the alleged crime; d) provide any evidence, testimony or witness that Petitioner did not commit the alleged crime –that someone else did; Counsel's "only" attempt to establish any support of her defense – that Blondell Roper committed the alleged crime – was by an attempt to use the "Element



of Surprise" in her closing argument and then only stated; "there was a reason why she had to get that bag out of the house and into the trash;" and e) failed to argue that the state's case was simply too weak to prove guilt beyond a reasonable doubt – even assuming everything the state's witness said was accurate. See Petition.

In his response to the motion for summary judgment, Petitioner appears to concede that Ground Three (F)(2)[14] is procedurally barred. However, he argues ineffective assistance of trial counsel and PCR counsel as cause for his procedural default. See Memorandum in Opposition to Summary Judgment, pp. 25-29. To the extent that the issues presented here are procedurally barred, Petitioner has failed to show the necessary cause for the same reasons already set forth in Sections I and II, supra, and this claim would therefore be procedurally barred and from consideration by this Court. See discussion, supra. However, in reviewing this issue, the undersigned notes that a part of this issue was arguably addressed by the PCR court. (R.p. 555 [discussion of claim that counsel failed to cross examine Blondell more effectively]). Therefore, giving Petitioner's Petition the liberal construction to which it is entitled, to the extent Petitioner this intended to raise in this federal habeas petition the same claim that was addressed by the PCR court, the undersigned has discussed that claim on the merits.

With respect to the claim raised in Petitioner's APCR, Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Mack v. State of South Carolina, No. 01-CP-18-793. Specifically, the PCR judge found that: 1) trial counsel

---

[14]Since the Petitioner uses numbers for the subparts of Ground Six to reference these issues, he refers to this issue as Ground Three (6)(2).



testified and the record reflects that counsel did extensively cross examine Blondell, especially regarding the inconsistencies in her statement that she had given to the police and her testimony at trial; 2) counsel testified that it was strategy to focus on the inconsistent statements with Blondell and not to focus on Blondell as the potential suspect, because she did not want Blondell to be able to take herself out of the equation as far as being a possible suspect or the one who committed the crime; 3) counsel's testimony was credible; 4) this was a matter of trial strategy and was not ineffective assistance of counsel; 5) even if Petitioner had proven the first prong of the Strickland test that his counsel's representation was deficient for failing to more extensively cross examine a witness, he must prove the second prong which is that because of this deficiency there is a reasonable probability that counsel's deficient conduct prejudiced the outcome of Petitioner's trial; and 7) Petitioner failed to show prejudice. (R.p. 555).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

16



issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

      Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable

17



probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. With regard to the allegation that counsel was ineffective for failing to effectively cross examine Blondell more extensively, trial counsel testified that she did not want to give Blondell an opportunity to explain herself or "take herself out" of the picture as a suspect so that she [counsel] could use this issue during closing argument. (R.pp. 499-500). The trial transcript reflects that on cross-examination counsel pointed out the inconsistencies between Blondell's statements and her trial testimony, and then used the possibility of her being the perpetrator in her closing argument. (R.pp. 145-170, 400-407). The PCR judge found counsel's testimony that this was her trial strategy to be credible. (R.p. 555).

Based on a review of the material and arguments before this Court, the undersigned finds and concludes that Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1). While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776



(1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

        Petitioner has also failed to show that, even if his counsel had more extensively cross examined Blondell, the outcome of his trial would have been different, and he has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. See Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This final remaining claim should be dismissed.

## Conclusion

        Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 4, 2009

Charleston, South Ca



19

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

