UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Nathaniel Mack, #273857, ) | |
| ) | C/A No. 9:08-cv-0622-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| A.J. Padula, Warden Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on February 4, 2009. The petitioner originally filed for relief under 28 U.S.C. § 2254, on February 22, 2008, arguing inter alia that he was denied effective assistance of trial counsel and post conviction relief counsel. The respondent filed a motion for summary judgment on July 17, 2008. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 18, 2009, advising the petitioner about the consequences of failing to respond to the respondent's motion. On September 11, 2008, the petitioner filed a response.

The magistrate recommends granting the respondent's motion for summary judgment. For the reasons stated herein, notwithstanding the petitioner's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner objects to the Report and Recommendation.

In his response, the Court has identified two specific objections to the Report and Recommendation. The first objection is that if the claims were not exhausted, then it was not his fault and he should not be prejudiced by his attorney's error. The second objection is that his court appointed attorney for his post conviction relief did not amend the application. However, these objections are the same issues raised and addressed by the magistrate. The petitioner has failed to direct the Court to any error in the Report and Recommendation that would require *de novo* review.

IT IS ORDERED that the respondent's motion for summary judgment is GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 18, 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.